1

```
IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,      :
         v.                    :
                               :
JOSEPH BURNETT, aka John       :   Case 01-CR-05-01
Jones,                         :
         Defendant             :
                               :



              TRANSCRIPT OF PROCEEDINGS

                      SENTENCING



     BEFORE:   HON. SYLVIA H. RAMBO, Judge

     DATE:     August 29, 2001

     PLACE:    Courtroom Number Three
               Federal Building
               Harrisburg, Pennsylvania



COUNSEL PRESENT:

BRUCE BRANDLER, Assistant United States Attorney
    For - United States of America

THOMAS A. THORNTON, Esquire
    For - Defendant




                              Vicki L. Fox, RMR
                              Official Reporter
```

FILED
HARRISBURG, PA
JUL 2 8 2003
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

Burnett.- Sentencing                                          2

1   THE COURT: Good morning, everyone.

2   MR. BRANDLER: Good morning, Your Honor. This is
3   the case of United States vs. Joseph Burnett, Criminal No.
4   1:CR-01-005. Today is the day that has been set for
5   sentencing, and the United States is ready to proceed.

6   THE COURT: Mr. Burnett, have you reviewed the
7   presentence report with your counsel?

8   THE DEFENDANT: Yes, Your Honor.

9   THE COURT: Now there have been some objections
10  filed. I wish to address those at this time. Two of the
11  objections would affect the sentence. The remaining
12  objections do not. So I will only address the first two
13  objections.

14  The first one is his ability to pay a fine.
15  Under the Inmate Financial Responsibility Program and
16  considering the time that he will be serving, he will be
17  able to use those sums that he will earn at prison programs
18  to apply to a fine.

19  MR. THORNTON: Your Honor, if I could just
20  respond briefly. Recently, I have been getting calls from
21  inmates who have been sentenced telling me that the monies
22  that their families are sending are being taken from them
23  also to pay these fines and costs.

24  It seems very difficult -- I understand while the
25  inmate is working, he certainly should be able to pay a fine

Burnett - Sentencing                                    3

and costs. It becomes very difficult when the family's money is also being taken when they send it in. That is the reason why we have made these objections. I don't really know --

THE COURT: I don't have the Financial Responsibility Program Guidelines in front of me. But it cannot exceed more than fifty percent of his account; can it?

MR. THORNTON: I know it can't exceed more than fifty percent of his prison salary.

THE COURT: Isn't that an issue before the prison and not before me?

MR. THORNTON: Yes, it is, Your Honor, but I just want you to understand why we are making these objections because families are calling and saying I am sending him $20.00. That is all I have, and they are taking the $20.00.

At this point, there is not much I can say to them. I wanted to raise these objections and will continue to raise them for this reason.

THE COURT: Somebody needs to file a lawsuit.

MR. THORNTON: We can't do that.

THE COURT: Well, hold on a minute. I will try and make an inquiry as to see why that is happening. The other one, grounds for departure, I have no intention of doing a departure so I don't think that I need to discuss

Burnett - Sentencing                      4

1  that any further.
2       The other objections are noted, but they don't
3  affect the sentencing.
4       Do you wish to speak on his behalf?
5       MR. THORNTON: Yes, if I could. We also have
6  Joseph's stepfather here.
7       Briefly, I would indicate, as Your Honor I am
8  sure has noted from the presentence report, that Joseph has
9  had a fairly difficult life starting perhaps from reasons
10 that are not entirely his own fault, from the environment.
11 And the difficulties that he has had as a youngster include
12 choices -- and bad choices he made which include why we are
13 here today.
14      Joseph has seemed to have come a long way in my
15 discussions with him since this arrest, and I know he wishes
16 to speak to Your Honor and explain exactly where he has come
17 from and what his plans are for the future.
18      Before Joseph does that, if we could have Mr. Ray
19 speak, Joseph's stepfather.
20      THE COURT: May we have your name?
21      MR. RAY: Charles Ray. On behalf of Joseph, him
22 being my stepson now, I understand that as he was saying
23 that as a young man, it is difficult coming up and then
24 being incarcerated like that, and that's the only thing you
25 see in life. I am hopeful that you will be lenient on him

1  and that when he gets out, that he understands what is going
2  on now. And I think that he has changed his life.
3      As him being communicating with us and calling
4  home -- and I have talked to his mom and all his brothers
5  and sisters in essence, he -- excuse me, I have to make sure
6  I say this right now -- he will make a better citizen
7  afterwards, after everything is said and done. And I hope
8  hopefully you look at it that way.
9      MR. THORNTON: Thank you very much, Mr. Ray.
10 Your Honor, that is all that we have to present. We ask
11 Your Honor to consider a sentence at the low end of the
12 guideline range since Joseph basically hasn't even been out
13 of jail more than six months since he was 15 years old.
14     Obviously, those are choices that he made that
15 caused those difficulties. Eight years will hopefully be
16 enough.
17     Joseph, did you have something you would like to
18 say to the Court?
19     THE DEFENDANT: Your Honor, I want to speak on my
20 behalf as far as my activities in life. True, the decisions
21 that I did make, I made on my own. And I do understand that
22 some of the things that I have done -- and that during the
23 time of my incarceration, I was very young, immature. And
24 you know, I just didn't want to follow orders.
25     And the last eight years that I spent in my life,

Burnett - Sentencing                                6

1   I was incarcerated in a state institution for eight years.
2   At the same time, I had intentions to do what I needed to do
3   with my life. Once I got released, I ended back in society
4   with a young mentality.
5         I am 26 years old. And coming back into the
6   environment from which I came from, I was just surrounded by
7   negative energy. I know I am on my own and should have, you
8   know, rebounded from that and not fall back into the same
9   thing that I fell into years ago.
10         Now that I have been incarcerated in Dauphin
11  County for 14 months, it took a big toll on me mentally.
12  And communicating with my family, my lady and my little
13  brother and my sister, it kind of makes me realize that life
14  is more -- you know, there is more in life than committing,
15  you know, crimes.
16         Like now whenever I get out of here, I am going
17  to where I need to get my mind right, get educated on a type
18  of trade education so I can go home and become a productive
19  citizen. I would just ask the Court to please consider
20  that. Whatever comes of it, I still am going to make the
21  right choices in my life.
22         THE COURT: Mr. Brandler?
23         MR. BRANDLER: Your Honor, pursuant to the plea
24  agreement, we make no specific recommendation. And we do
25  recommend the Court reduce his sentence by three levels for

Burnett - Sentencing                                                7

1   acceptance of responsibility.  We believe he has accepted
2   responsibility for the instant offense.
3       I just would point out this is a series of
4   activities that Mr. Burnett was involved in.  These
5   activities took place while he was on parole.
6       He mentioned his eight year period of
7   incarceration.  He started this criminal activity shortly
8   after he was released from that conviction.  That was a
9   serious conviction in and of itself.  It was a robbery where
10  the victim was shot in the stomach.
11      This is someone who has a lengthy criminal
12  history.  I know the sentence that is going to be imposed
13  today is a severe one according to the guidelines, and I
14  think it is something that is appropriate within the
15  guideline range.  Thank you.
16      THE COURT:  AND NOW this 29th day of August, the
17  year 2001, the defendant appearing in court for purposes of
18  sentencing, pursuant to the Sentencing Reform Act of 1984,
19  it is the judgment of the Court that the Defendant Joseph
20  Burnett is hereby committed to the custody of the Bureau of
21  Prisons to be imprisoned for a term of 97 months.
22      This term consists a term of 37 months on Count
23  1, and a mandatory 60 month consecutive sentence on Count 3.
24  It is the Court's intention that this sentence run
25  consecutive to any term of imprisonment imposed for the

Burnett - Sentencing                                     8

1   state parole revocation under Dauphin County docket number
2   1324-1992.
3           The Court finds that the defendant has some
4   ability to pay a fine.  Accordingly, it is further ordered
5   that the defendant pay to the United States the sum of
6   $1,000.00 consisting of a fine of $800.00 on Count 1 and a
7   special assessment of $100.00 on each of Counts 1 and 3.
8           The fine and assessments are due immediately,
9   shall be paid through the Clerk of Court and are payable
10  during the period of incarceration with any balance to be
11  paid within three years of this defendant's release from
12  custody.
13          Upon release from imprisonment, the defendant
14  shall be placed on supervised release for a term of three
15  years.  This term consists of terms of three years on each
16  of Counts 1 and 3 to be served concurrently.
17          Within 72 hours of release from the custody of
18  the Bureau of Prisons, the defendant shall report in person
19  to the Probation Office in the District to which he is
20  released.
21          While on supervised release, the defendant shall
22  comply with the standard conditions that have been adopted
23  by this Court and with the following additional conditions:
24  The defendant shall pay any balance of the fine imposed by
25  this judgment which remains unpaid at the commencement of

1  the term of supervised release in minimum monthly
2  installments of no less than $50.00.
3  　　　　As a condition of supervision, the defendant
4  shall submit to one drug test within fifteen days of release
5  from custody and at least two periodic drug tests
6  thereafter.
7  　　　　The following statement of reasons is placed on
8  the record for the sentence that has been imposed: The
9  Court adopts the factual findings and the guideline
10 application in the presentence report. The fine is below
11 the guideline range because of the defendant's inability to
12 pay.
13 　　　　The sentence is within the guideline range. That
14 range does not exceed 24 months, and the Court finds no
15 reason to depart from the application of the guidelines.
16 　　　　Mr. Burnett, you can appeal your conviction if
17 you believe that your guilty plea was either unlawful or
18 involuntary or that there was some other fundamental defect
19 in these proceedings that was not waived by your guilty
20 plea.
21 　　　　You also have a statutory right to appeal your
22 sentence under certain circumstances, particularly if you
23 think the sentence is contrary to law.
24 　　　　You have ten days from this day in which to file
25 a notice of appeal. Mr. Thornton will continue to represent

1  you without costs should you desire to take an appeal. You
2  may also request the Clerk of Court to prepare and file a
3  notice of appeal on your behalf.
4         Mr. Thornton, you were going to say something?
5         MR. THORNTON: No, I wasn't, Your Honor.
6         MR. BRANDLER: Your Honor, we have a motion to
7  dismiss Count 2 pursuant to the plea agreement.
8         THE COURT: Count 2 is dismissed.
9         (Whereupon, the proceedings were concluded.)
10        I hereby certify that the proceedings and
11 evidence are contained fully and accurately in the notes
12 taken by me on the trial of the above cause, and that this
13 copy is a correct transcript of the same.

                              Vicki P. Fox, RMR
                              _____
                              Vicki L. Fox, RMR
                              Official Reporter


        The foregoing certification of this transcript
does not apply to any reproduction by any means unless under
the direct control and/or supervision of the certifying
reporter.