MCC:BB:nl

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 1:CR 01-005-01 |
| | ) | |
| v. | ) | |
| | ) | (RAMBO, S.J.) |
| JOSEPH BURNETT, | ) | |
| a/k/a JOHN JONES, | ) | |
| | ) | |
| Defendant. | ) | (ELECTRONICALLY FILED) |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RELIEF UNDER 18 U.S.C. § 3582(c)

AND NOW, the United States of America, by Bruce Brandler, Assistant U.S. Attorney, hereby opposes the defendant's motion for relief under 18 U.S.C. § 3582(c). In support, the United States states as follows:

**I.  PROCEDURAL HISTORY.**

On January 3, 2001, a three-count indictment was filed against Burnett charging him with distribution of crack cocaine, in violation of Title 21, U.S.C. § 841(a)(1) and (b)(1)(C) (count one); possession of a firearm by a convicted felon, in violation of Title 18, U.S.C. § 922(g)(1) and 924(a)(2) (count two); and carrying a firearm in relation to a drug crime, in violation of Title 18, U.S.C. § 924(c)(1)(A) and (D) (count three).

Burnett pled guilty to counts one and three pursuant to a plea agreement on March 13, 2001. A presentence report was prepared which calculated the offense level for the crack offense

under count one as a level 15.  See PSR ¶ 17.  Based on a criminal history category of four, the guideline range for that offense was 30 to 37 months.  See PSR ¶ 49.  The guideline for count three, the firearms conviction, was a mandatory five-year term served consecutively to any other sentence imposed, including that for the underlying crime.  See PSR ¶ 20.  The total guideline range was, therefore, 90 to 97 months imprisonment.

On August 29, 2001, Burnett was sentenced to serve 97 months imprisonment, i.e., 37 months on count one and 60 months, consecutive, on count three.  That sentence was reduced to 78 months on February 14, 2003, pursuant to Fed. R. Crim. P. 35(b).  See Order dated February 14, 2003, Dkt. No. 29, attached as Exhibit 1.  The February 14, 2003 Order reduced the total sentence by twenty (20%) percent to reward Burnett for his assistance in other cases.  Id.

Burnett commenced service of his sentence and, nearing completion of the custodial portion, he was transferred, on October 10, 2007, from USP Allenwood to the Capital Pavilion Community Corrections Center.  On November 1, 2007, Burnett escaped.  At the time of his escape, his projected release date was April 1, 2008, via good conduct credits.  His projected release date is now May 16, 2008, and he may lose an additional 27 days as a result of losing good time credits.

An arrest warrant was issued and Burnett was arrested on December 18, 2007.  He made his initial appearance and was

detained on that date.  On February 20, 2008, Burnett pled guilty to an Information charging him with escape in violation of 18 U.S.C. § 751(a).  He remains in federal custody pending sentencing on that guilty plea.[1]

**II.  ARGUMENT.**

Burnett has filed a motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment to the Sentencing Guidelines which lowered the base offense levels applicable to cocaine base ("crack") offenses.  The amendment, however, does not necessarily benefit Burnett.

It appears that the instant motion is moot because the sentence on count one (the crack offense) has already been served.  Whether it remains at 37 months or is reduced to 30 months, as requested, that sentence has already been served.  Any jail time currently remaining would be served in connection with the firearms conviction, which sentence was required to be served consecutively to the crack offense.

Finally, the arithmetic is not as simple as suggested in Burnett's motion because it failed to account for the subsequent reduction of the sentence on February 14, 2003.  If the initial sentence had been set at 90 months, rather than 97 months, and Burnett received a twenty (20%) percent reduction for assistance, the ultimate sentence would have been 72 months, rather than 78

---

[1] The PSR calculates Burnett's guideline range as 37 to 46 months on the escape charge.

months.  Thus, at best, a six-month reduction on count one might be warranted, rather than the seven-month reduction suggested by Burnett in the motion.

### III.  CONCLUSION.

Wherefore, for the reasons set forth above, the United States requests that the motion be denied as moot or, in the alternative, that the sentence on count one be reduced by no more than six (6) months.

>Respectfully submitted,
>
>MARTIN C. CARLSON
>Acting United States Attorney
>
>
>  s/ Bruce Brandler
>Bruce Brandler
>Assistant U.S. Attorney
>Attorney I.D. No. PA62052
>228 Walnut Street, Suite 220
>P.O. Box 11754
>Harrisburg, Pennsylvania  17108-1754
>(717) 221-4482
>(717) 221-4493 (Facsimile)
>bruce.brandler@usdoj.gov (eMAIL)

Date:  April 24, 2008

MCC:BB:nl

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 1:CR 01-005-01 |
| | ) | |
| v. | ) | |
| | ) | (RAMBO, S.J.) |
| JOSEPH BURNETT, | ) | |
| a/k/a JOHN JONES, | ) | |
| | ) | |
| Defendant. | ) | (ELECTRONICALLY FILED) |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on April 24, 2008, she served a copy of the attached:

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RELIEF UNDER 18 U.S.C. § 3582(c)**

by electronic filing to the person hereinafter named:

Thomas A. Thornton, Esquire
at
thomas_thornton@fd.org

s/ Naomi Losch
Naomi Losch
Legal Assistant